# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., | Case No. 1:22-cv-00532-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION**

Clifton Williams, Jr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint filed on May 4, 2022.  (ECF No. 1.)  For the reasons discussed herein, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable claim.

/ / /

/ / /

/ / /

1

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting

Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated.  The allegations described occurred in relation to court proceedings related to a probation review hearing.  Plaintiff is not challenging his conditions of confinement.  The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants: (1) The People of the State of California; and (2) County of Stanislaus Superior Court Judge Dawna F. Reeves.  (Compl. 1,[1] ECF No. 1.) The Clerk of the Court entered the County of Stanislaus as a separate Defendant on the docket, however, it appears the Plaintiff wrote the County of Stanislaus as a term connected to the named judge.  (Compl. 1.)

Plaintiff claims that at a probation review hearing held on November 17, 2021, he tried to bring to the court's attention that he had just discovered he was given an illegal sentence under the three strikes law.  Plaintiff claims that Judge Reeves got mad and told him not to talk, and that Plaintiff wasn't going to tell her what to do in her courtroom.  (Compl. 3-4.)  Plaintiff states that rather than listen to him, she sentenced him to 272 days, the remainder of the alleged illegal sentence, because he would not admit to a violation of 90 days, which Plaintiff states would have also been illegal.  (Compl. 4.)

Although named in similar actions to the instant, Assistant District Attorney Hogan is not named in this action.  However, Plaintiff's complaint alleges Judge Reeves has allowed Assistant District Attorney Hogan to use this illegal sentence as probable cause to hold him to answer knowing that it would be an illegal search and seizure, and continues a malicious prosecution. (Compl. 5.)  Plaintiff also requests that Judge Reeves and Assistant District Attorney Hogan be

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   disqualified as the judge and prosecutor in his pending cases in state court, as he does not believe

2   he will get a fair trial.[2]

3                                          **IV.**

4                                     **DISCUSSION**

5   **A.      Habeas Relief**

6          "Federal law opens two main avenues to relief on complaints related to imprisonment: a

7   petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. §

8   1983." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (per curiam).  "Challenges to the validity

9   of any confinement or to particulars affecting its duration are the province of habeas corpus;

10  requests for relief turning on circumstances of confinement may be presented in a § 1983

11  action."  <u>Id.</u> (internal citation omitted).  It has long been established that state prisoners cannot

12  challenge the fact or duration of their confinement in a section 1983 action and their sole remedy

13  lies in habeas corpus relief.  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005).  Often referred to as

14  the favorable termination rule or the <u>Heck</u> bar, this exception to section 1983's otherwise broad

15  scope applies whenever state prisoners "seek to invalidate the duration of their confinement-

16  either directly through an injunction compelling speedier release or indirectly through a judicial

17  determination that necessarily implies the unlawfulness of the State's custody."  <u>Wilkinson</u>, 544

18  U.S. at 81; <u>Heck v. Humphrey</u>, 512 U.S. 477, 482, 486-487 (1994); <u>Edwards v. Balisok</u>, 520

19  U.S. 641, 644 (1997).

20         In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that in order to

21  recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm

22  caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

23  plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

24  by executive order, declared invalid by a state tribunal authorized to make such determination, or

25

26  [2]  Plaintiff acknowledges that he has two other pending cases in this Court that have named Assistant District
    Attorney Hogan as a defendant.  <u>See</u> Case Nos. 1:21-cv-01810-DAD-SAB; 1:22-cv-00044-DAD-SAB.  Currently,
27  there are pending findings and recommendations in both these actions recommending such actions be dismissed for
    failure to state a claim.  Those actions were deemed related given the same prosecutor and police officer were
28  named in both actions.  The Court does not find this case to be sufficiently related to those cases to recommend the
    need for relation.

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

Plaintiff's complaint centers on a challenge to a sentence related to a probation violation hearing. If Plaintiff has not had his sentence of probation declared invalid, or if Plaintiff is challenging any part of his sentence that has not been declared invalid, the proper avenue to seek relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. See Chico Scrap Metal, Inc. v. Robinson, 560 F. App'x 650 (9th Cir. 2014) ("In addition, *Heck* bars the claims because Plaintiffs were sentenced to compliance with the challenged cleanup orders as a condition of their probation in the criminal case, as specifically directed by the state court in its criminal judgment. . . . Indeed, many of Plaintiffs' disputes are the subject of state court litigation seeking to revoke their probation in the criminal case, further demonstrating the *Heck* bar."); Maciel v. Taylor, No. CV 11-3599-DMG (RNB), 2013 WL 12474062, at *7 (C.D. Cal. Jan. 31, 2013) ("The favorable termination rule of Heck also applies to claims implicating the validity of a parole or probation revocation.") (collecting cases), report and recommendation adopted, No. CV 11-3599-AG (RNB), 2013 WL 12474074 (C.D. Cal. Sept. 4, 2013); Travis v. Monnier, No. 2:19-CV-02133-TLN-AC, 2021 WL 2042617, at *4 (E.D. Cal. May 21, 2021) ("If Plaintiff's § 1983 claims were successful, it would necessarily call into question the validity of the Placer County Superior Court's order granting the First Amended Petition for Revocation of Probation.").

Accordingly, to the extent Plaintiff wishes to challenge his sentence which has not been declared invalid by the state court, he must file a habeas corpus petition.

### B.    Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under

1  special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is

2  required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings

3  involve important state interests; and (3) the state proceedings afford adequate opportunity to

4  raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457

5  U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

6  The rationale of Younger applies throughout the appellate proceedings, requiring that state

7  appellate review of a state court judgment be exhausted before federal court intervention is

8  permitted.  Dubinka, 23 F.3d at 223.  This Court will not interfere in the on-going criminal

9  proceedings currently pending against Plaintiff in state court.

10      Plaintiff appears to request this Court intervene in other ongoing trials yet to occur in

11  state court before the same Judge Reeves that handled the probation review hearing in question

12  here.  Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that

13  are ongoing and that provide their own review and procedures for addressing any constitutional

14  violations that have not been exhausted, the Court will not interfere in such ongoing proceedings.

15      **C.    Malicious Prosecution and Prosecutorial/Judicial Immunity**

16      Although Plaintiff does not name the assistant district attorney in this action, the Court

17  provides the standards for both prosecutorial and judicial immunity, given the allegations and

18  requested relief.

19      A claim for malicious prosecution or abuse of process is not generally cognizable under

20  Section 1983 if a process is available within the state judicial system to provide a remedy.  Usher

21  v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The exception is

22  "when a malicious prosecution is conducted with the intent to deprive a person of equal

23  protection of the laws or is otherwise intended to subject a person to denial of constitutional

24  rights."  Id. (citations omitted).  In order to prevail on a Section 1983 claim of malicious

25  prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without

26  probable cause, and that they did so for the purpose of denying [him] equal protection or another

27  specific constitutional right."  Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)

28  (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004);

1  Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim
2  may be brought against prosecutors or against the individuals who wrongfully caused the
3  prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  Probable cause is an absolute
4  defense to malicious prosecution.  Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir.
5  2009).

6        In order to state a malicious prosecution claim, Plaintiff must show that the prior
7  proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal
8  termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with
9  malice.  Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the
10 termination to be considered "favorable" to the malicious prosecution plaintiff, it must be
11 reflective of the merits of the action and of the plaintiff's innocence of the charges.  Villa v.
12 Cole, 4 Cal.App.4th 1327, 1335 (1992); Awabdy, 368 F.3d at 1068 ("An individual seeking to
13 bring a malicious prosecution claim must generally establish that the prior proceedings
14 terminated in such a manner as to indicate his innocence.").  In this regard, "a dismissal in the
15 interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or
16 the court that the action lacked merit or would result in a decision in favor of the defendant," and
17 "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are
18 allegations that the prior proceedings were instituted as the result of fraudulent conduct, a
19 malicious prosecution plaintiff is not precluded from maintaining his action unless the
20 defendants can establish that the charges were withdrawn on the basis of a compromise among
21 the parties or for a cause that was not inconsistent with his guilt."  Id.

22       Plaintiff has not alleged his case has been dismissed, which would be required to state a
23 claim for malicious prosecution.  See Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) ("To
24 demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth
25 Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his
26 prosecution ended without a conviction.").

27       Further, Plaintiff is advised that judges and prosecutors are immune from liability under §
28 1983 when they are functioning in their official capacities under proper jurisdiction.  See Imbler

1   v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d

2   916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors

3   functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th

4   Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in

5   "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and

6   prosecutors are generally immune unless acting without "authority") (internal citations omitted);

7   Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12,

8   2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–

9   13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials

10  when they are acting pursuant to their official role as advocate for the state"), report and

11  recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25,

12  2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017).

13  Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the

14  state's case,' absolute immunity applies."  Ashelman, 793 F.2d at 1076 (quoting Imbler, 424

15  U.S. at 431).  This immunity extends to actions during both the pre-trial and posttrial phases of a

16  case.  See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

17        Plaintiff has not stated a claim for malicious prosecution nor shown a cognizable claim

18  against Defendant Judge Reeves.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**V.**

**CONCLUSION AND RECOMMENDATION**

The Court finds Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint filed May 4, 2022 (ECF No. 1), be DISMISSED for failure to state a cognizable claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 6, 2022**__                    _____

                                              UNITED STATES MAGISTRATE JUDGE