# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:22-cv-00532-AWI-SAB<br><br>ORDER REVOKING *IN FORMA PAUPERIS* STATUS ON APPEAL<br><br>ORDER DIRECTING CLERK OF THE COURT TO SERVE PLAINTIFF AND FORWARD ORDER TO NINTH CIRCUIT COURT OF APPEALS<br><br>(ECF No. 13) |

On May 4, 2022, Clifton Williams, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On May 6, 2022, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed for Plaintiff's failure to state a cognizable claim. (ECF No. 5.) On June 3, 2022, Plaintiff filed objections to the findings and recommendations. (ECF No. 7.) On June 3, 2022, the District Judge adopted the findings and recommendations and dismissed this action for failure to state a cognizable claim. (ECF No. 8.) On June 15, 2022, an appeal of this action was processed to the Ninth Circuit, and the matter was referred to the district court for the purpose of determining whether Plaintiff's *in forma pauperis* status should continue for the appeal, or whether the appeal is frivolous or taken in bad faith. (ECF Nos. 11, 13.)

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it

1

is not taken in good faith." 28 U.S.C. § 1915(a)(3).  The test for allowing an appeal *in forma pauperis* is satisfied if the appellant seeks review of any issue that is not frivolous.  <u>Gardner v. Pogue</u>, 558 F.2d 548, 550–51 (9th Cir.1977) (citing <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962)) (quotation marks omitted); <u>see also</u> <u>Hooker v. American Airlines</u>, 302 F.3d 1091, 1092 (9th Cir.2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole).  An action is frivolous "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, (1989).  In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  <u>Id.</u>

The Court dismissed this action due to Plaintiff's failure to state a cognizable claim.  Plaintiff brought the action against Defendants: (1) The People of the State of California; and (2) County of Stanislaus Superior Court Judge Dawna F. Reeves.  (Compl. 1, ECF No. 1.)  The Clerk of the Court entered the County of Stanislaus as a separate Defendant on the docket, however, it appears the Plaintiff wrote the County of Stanislaus as a term connected to the named judge.  (Compl. 1.)  The gravamen of Plaintiff's complaint is that at a probation review hearing held on November 17, 2021, he tried to bring to the state court's attention that he had just discovered he was given an illegal sentence under the three strikes law.  Plaintiff claims that Judge Reeves got mad and told him not to talk, and that Plaintiff wasn't going to tell her what to do in her courtroom.  (Compl. 3-4.)  Plaintiff states that rather than listen to him, she sentenced him to 272 days, the remainder of the alleged illegal sentence, because he would not admit to a violation of 90 days, which Plaintiff states would have also been illegal.  (Compl. 4.)

The court dismissed plaintiff's complaint for multiple reasons.  (ECF No. 5 at 4-8.)  First, to the extent he had not had his sentence of probation declared invalid, the proper avenue to seek relief is by way of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Chico Scrap Metal, Inc. v. Robinson</u>, 560 F. App'x 650 (9th Cir. 2014).  Second, the Court found to the extent Plaintiff seeks relief pertaining to state court proceedings that are ongoing and that provide their own review and procedures for addressing any constitutional violations that have not been exhausted, the Court would abstain from interfering in

such ongoing proceedings under principles of comity and federalism. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Third, although the Plaintiff did not expressly name a prosecutor as a defendant, the Court additionally found to the extent he was attempting to bring a claim for malicious prosecution, Plaintiff had not alleged his case has been dismissed, which would be required to state a claim for malicious prosecution. See Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) ("To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction."). The Court also advised Plaintiff that Defendant Reeves would be immune from liability when acting in her official capacity and under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004). Because Plaintiff's claims were precluded as a matter of law, the Court adopted the recommendations and dismissed the action. (ECF No. 8.)

Plaintiff's notice of appeal does not indicate a legal basis for the appeal, and only states he is preserving his right to appeal. (ECF No. 10 at 1.) While the Court does not expect the notice of appeal to contain full briefing, based on the previous objections filed, the undersigned can discern no basis for appeal in this case other than Plaintiff's mere disagreement with the Court's ruling, which does not suffice to demonstrate good faith or merit.

The Court notes that this case was not dismissed with prejudice. A dismissal pursuant to a Heck Bar must be without prejudice. See Chico Scrap Metal, Inc. v. Robinson, 560 F. App'x 650, 652 (9th Cir. 2014) ("The district court erred, though, in dismissing the action with prejudice. We held in *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam), that *Heck-*barred § 1983 claims must be dismissed without prejudice so that the plaintiff may 'reassert his claims if he ever succeeds in invalidating his conviction.' "); Matthews v. Craven, 485 F. App'x 893, 894 (9th Cir. 2012) (same). Thus, Defendant is not barred from refiling this action if the conviction is not invalidated, and is further not precluded from filing a proper habeas corpus petition.

The Court also notifies Plaintiff that following this order, he may file a renewed application to proceed *in forma pauperis* directly with the Ninth Circuit. See Fed. R. App. P. 24 ("A party

may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4).").

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court finds that the appeal is not taken in good faith;

2. Plaintiff's *in forma pauperis* status is revoked; and

3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Clerk of the Court is directed to serve this order on Plaintiff and the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:  June 20, 2022                              /s/ _____
                                                    SENIOR DISTRICT JUDGE